## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LARA Y. HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 07 CV 4335 |
| VILLAGE OF FRANKLIN PARK, a ) | |
| municipal corporation, CHIEF THOMAS ) | Judge Joan H. Lefkow |
| WOLFE, in his individual capacity, JACK ) | |
| KRECKER, in his individual capacity, ) | |
| JOSEPH O'CONNER, in his individual ) | |
| capacity, MICHAEL JONES, in his individual ) | |
| capacity, MICHAEL WITZ, in his individual ) | |
| capacity, and NORCOMM PUBLIC SAFETY ) | |
| COMMUNICATIONS, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Lara Hill brings this action alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964, deprivation of her Fourteenth Amendment equal protection rights, and retaliatory discharge in violation of Illinois law and public policy. Hill's complaint contains five counts: (I) The Village of Franklin Park ("Franklin Park") and Norcomm Public Safety Communications, Inc. ("Norcomm") intentionally discriminated against Hill based on her sex and engaged in a pattern of employment practices that violate Title VII; (II) Franklin Park and Norcomm subjected Hill to retaliatory treatment for her discrimination complaints in violation of Title VII; (III) Franklin Park, Thomas Wolfe, Jack Krecker, Joseph O'Connor, Michael Jones and Michael Witz subjected Hill to harassment and discrimination that deprived her of her rights under the Fourteenth Amendment as secured by 28 U.S.C. § 1983; (IV) all defendants conspired

to deprive Hill of her rights under the Fourteenth Amendment as secured by 28 U.S.C. §§ 1983 and 1985; and (V) Norcomm discharged Hill in violation of Illinois law and public policy.

Before the court is Norcomm's motion to dismiss with prejudice Counts I, II and V of Hill's complaint pursuant to Rule 12(b)(6). Norcomm argues that Counts I and II are not timely or, alternatively, not reasonably related to Hill's EEOC complaint and that Count V is preempted by the Illinois Human Rights Act ("IHRA"). For the reasons discussed below, Norcomm's motion to dismiss [#32] will be granted in part and denied in part. The court will deny Norcomm's motion to dismiss Counts I and II in their entirety but grant Norcomm's motion to dismiss Hill's harassment claims, which were raised (among other claims) in Counts I and II. The court will grant Norcomm's motion to dismiss Count V.

**BACKGROUND**

Lara Hill began working for the Franklin Park police department in 1994. She began her employment with Norcomm as a part-time police dispatcher in 2001. Norcomm operates the 911 call center for Franklin Park. Complaint at ¶ 13. Hill worked as a patrol officer and a School Liaison Officer ("SLO") for Franklin Park while also working shifts with Norcomm as a part-time dispatcher. *See id.* at ¶ 37, 39. Hill alleges that she was subjected to sex-based discrimination while working for the police department including, *inter alia*, having her name defaced on bulletin boards, *id.* at ¶ 28, having derogatory comments and cartoons about her placed on the boards, *id.* at ¶ 29, and having sexually graphic materials placed in her mailbox. *Id.* at ¶ 30. While working as a SLO, Hill alleges she was treated differently from other officers, denied overtime, and made to work shifts that interfered with her employment at Norcomm and caused her to cancel many of her Norcomm shifts. *See id.* at ¶ 37-62. Hill also alleges that she

2

was threatened by other members of the police department for filing grievances. *Id.* at ¶ 55-56.

On June 30, 2006, Hill filed a charge with the EEOC against the Village of Franklin Park. *Id.* Ex. A. Hill received her right-to-sue letter for this charge on May 8, 2007. *Id.* Ex. B. Following the EEOC charge, Hill alleges that Michael Tillman, contract manager at the Franklin Park 911 Center, wrote a letter to David Keller, Norcomm's Operations Manager, recommending that Hill be terminated. *Id.* at ¶ 67. Tillman cited the fact that Hill cancelled her shifts as a justification for the termination. *Id*. Tillman did not discuss the matter with Hill, and when she attempted to contact him about it, he did not return her phone calls. *Id*. at ¶¶ 68, 71. Hill alleges that, in contrast, Tillman made numerous attempts to contact male employees about shift availability. *Id*. at ¶ 70. In July 2006, Tillman informed Hill that her position with Norcomm was being terminated. *Id*. at ¶ 139.

Hill filed an EEOC charge against Norcomm on March 6, 2007. Hill's EEOC charge is as follows:

> I was employed by Respondent on January 6, 2001. My most recent position was Communications Dispatcher. I was subjected to different terms and conditions of employment than a male employee by my male supervisor. On or about June 30, 2006 I filed an EEOC Charge against my other employer who also contracts Respondent's services. On or about July 18, 2006 I was informed verbally that based on Respondent's Manager's decision, I could be terminated. I never received any official notice of termination and I currently still receive notices of events from Respondent, yet I have not been scheduled to work since July 18, 2006.
>
> I believe I have been discriminated against because of my sex, female and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended.

*Id.* Ex. D.

In the "Discrimination based on" section of the EEOC charge form, Hill checked both the "sex" and "retaliation" boxes. Hill also marked that the discrimination took place between May 18, 2006 and March 6, 2007. Hill filed this action on August 2, 2007. She had not received a right-to-sue letter from the EEOC against Norcomm by that date or by the time Norcomm filed its motion to dismiss on October 22, 2007. Hill asserts that despite her contacting the EEOC on several occasions, the EEOC has still not sent her a right-to-sue letter. Pl.'s Resp. to Def. Norcomm's Mot. to Dismiss at 5.

Hill also alleges a pattern of retaliatory conduct by the police department subsequent to her filing of the June 2006 charge against Franklin Park. She filed a second EEOC charge against Franklin Park in March 2007, this time for retaliation. This charge and the underlying allegations are not implicated by Norcomm's motion to dismiss.

**STANDARD**

Dismissal of an action under Rule 12(b)(6) for failure to state a claim upon which relief may be granted "is warranted if the plaintiff can prove no set of facts in support of its claims that would entitle it to relief." *General Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). For the purposes of a Rule 12(b)(6) motion, the court takes as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences in favor of the plaintiff. *Jackson* v. *E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999). Factual allegations must, however, be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp.* v. *Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

**ANALYSIS**

**I. Counts I and II**

The prerequisites to a Title VII suit are "filing an EEOC charge and receiving a right-to-sue letter . . . unless the claimant's failure to receive a right-to-sue letter is attributable to EEOC error." *Schnellbaecher* v. *Baskin Clothing Co.*, 887 F.2d 124, 128-29 (7th Cir. 1989). These requirements are not jurisdictional and are subject to equitable modification. *See Zipes* v. *Trans World Airlines, Inc.*, 455 U.S. 385, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982). Norcomm argues that Hill failed to meet either requirement because she did not file her EEOC charge within the limitations period and she lacks a right-to-sue letter. Norcomm also argues that Counts I and II are not reasonably related to Hill's EEOC charge and, thus, must be dismissed.

**A. EEOC Filing Deadline**

Norcomm contends that Hill's claim is time-barred because she did not file it within the applicable EEOC filing deadline. Under Title VII, a charge must be filed within a certain time period after the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1); *see also National R.R. Passenger Corp.* v. *Morgan*, 536 U.S. 101, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002). While Title VII generally gives complainants only 180 days to file a charge with the EEOC, complainants in so-called deferral states have 300 days after the challenged employment practice to file a charge. The statutory language extends the 300-day limit to cases in which "the person aggrieved has initially instituted proceedings with a State or local agency with authority." 42 U.S.C. § 2000e-5(e)(1). Because Illinois has a state agency authorized to grant relief from unlawful employment practices and because the EEOC is required to refer all charges to this state agency, *see* 29 C.F.R. § 1601.13, Illinois is considered a deferral state. *Gilardi* v.

*Schroeder*, 833 F.2d 1226, 1230 (7th Cir. 1987); *see also Love* v. *Pullman Co.*, 404 U.S. 522, 92 S. Ct. 616, 30 L. Ed. 2d 679 (1972) ("[N]othing in the Act suggests that the state proceedings may not be initiated by the EEOC acting on behalf of the complainant himself."). As a deferral state, the limitation period in Illinois runs for 300 days from the date of the alleged unlawful employment practice. *EEOC* v. *Harvey L. Walner & Assocs.*, 91 F.3d 963, 970 (7th Cir. 1996).

Norcomm argues that Hill's claim is time-barred because Hill filed her EEOC charge on March 6, 2007 for allegedly unlawful conduct occurring on, or prior to, July 18, 2006. Def. Norcomm's Memo. in Support of its Mot. to Dismiss at 6. In its opening memorandum in support of its motion to dismiss, Norcomm mistakenly uses the 180-day limitations period for non-deferral states. Because only 261 days elapsed between the culmination of the allegedly unlawful conduct and Hill's EEOC charge, Hill was well within the 300-day limitations period for deferral states. As a result, Hill's EEOC charge was timely.[1]

**B. EEOC Right-to-Sue Letter**

Hill has not received a right-to-sue letter from the EEOC authorizing a suit against Norcomm. Norcomm argues that Hill's lack of a right-to-sue letter mandates dismissal. When a defendant moves to dismiss prior to the plaintiff's receipt of a right-to-sue letter, the complaint may be subject to dismissal. *See Perkins* v. *Silverstein*, 939 F.2d 463, 471 (7th Cir.1991). The court finds, however, that equity requires modifying the requirement of a right-to-sue letter in Hill's situation.

---

[1] The court does not conclude, however, that every allegedly unlawful employment practice Hill presents is within the 300-day limitations period. Because discrete acts of discrimination may be subject to their own limitations period, *see National R.R. Passenger Corp.* v. *Morgan*, 536 U.S. 101, 114-15, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002), it is possible that some acts of discrimination that Hill will later seek to establish fall outside of the limitations period. It is not necessary to resolve this issue for the purposes of Norcomm's motion to dismiss because Hill's EEOC complaint contains allegations of unlawful conduct that clearly fall within the limitations period.

A right-to-sue letter is not a jurisdictional prerequisite to a Title VII suit. *Worth* v. *Tyer*, 276 F.3d 249, 259 (7th Cir. 2001). Instead, "the lack of a right-to-sue letter may constitute a defense to a Title VII claim." *Id.* When a plaintiff does not have a right-to-sue letter but receives that letter before a motion to dismiss, the defect in the complaint is "effectively cured." *Perkins*, 939 F.2d at 471; *see also Worth*, 276 F.3d 249; *Simmons* v. *Village of Willow Springs*, No. 02 C 9379, 2004 WL 2036405, at *8 (N.D. Ill. Sept. 10, 2004). Hill did not, however, have a right-to-sue letter by the time Norcomm moved to dismiss. Both *Worth* and *Perkins* make clear that a complaint "may" be deficient and subject to dismissal if the plaintiff has not received a right-to-sue letter. *See Worth*, 276 F.3d at 259; *Perkins*, 939 F.2d at 471.

Despite this, the requirement of a right-to-sue letter is subject to equitable modification. *See Allen* v. *Chicago Transit Authority*, No. 99 C 7614, 2000 WL 126776, at *4 (N.D. Ill. Feb. 1, 2000) (citing *Zipes* v. *Trans World Airlines, Inc.*, 455 U.S. 385, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982)). Two relevant grounds for equitable modification are "when a right to sue letter has been received subsequent to commencement of a Title VII action and while the action is still pending" and "when the EEOC or Attorney General has incorrectly refused to issue a right-to-sue letter." *Sherman* v. *Standard Rate Data Service, Inc.*, 709 F. Supp. 1433, 1437 (N.D. Ill. 1989) (listing a total of eight possible grounds for invoking equitable modification); *accord Schoolman* v. *UARCO, Inc.*, No. 94 C 5598, 1998 WL 774680, at *2 (N.D. Ill. Oct. 23, 1998) (same). The first of these grounds is substantially similar to the rule announced in *Perkins* and *Worth*. The second is largely unexplored in Seventh Circuit case law, despite being alluded to in *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 128-29 (7th Cir. 1989) (holding that a right-to-sue letter is required unless the failure to receive the letter is "attributable to EEOC

error"). Courts in other circuits, however, have granted plaintiffs equitable relief for the EEOC's failure to issue a right-to-sue letter. In *Hiller* v. *Oklahoma*, 327 F.3d 1247 (10th Cir. 2003), the plaintiff did not receive a right-to-sue letter from the Attorney General, as was required for her suit against a governmental entity, but did receive one from the EEOC, which was not required. As a result, the plaintiff lacked the necessary right-to-sue letter, despite having followed the proper procedures to obtain one. The Tenth Circuit held that it was an abuse of discretion to deny the plaintiff equitable relief. *Id.*

Numerous district courts have also concluded that a plaintiff's claim should not be dismissed solely because the EEOC fails or refuses to issue a right-to-sue letter. *See, e.g., Kahn* v. *Pepsi Cola Bottling Group*, 526 F. Supp. 1268, 1271 (E.D.N.Y. 1981) (denying defendant's motion to dismiss, concluding "the failure to receive a right-to-sue letter is not fatal when the plaintiff has requested one, and through no fault of his own the EEOC refuses to issue it"); *Johnson* v. *Duval County Teachers Credit Union*, 507 F. Supp. 307 (M.D. Fla. 1980); *Stapper* v. *Texas Dept. of Human Resources*, 470 F. Supp. 242 (W.D. Tex. 1979); *Shaffield* v. *Northrop Worldwide Aircraft Services, Inc.*, 373 F. Supp. 937, 940 (M.D. Ala. 1974) (holding that a right-to-sue letter is "not a talismanic device" but "a mere formality").

Hill's complaint makes allegations sufficient to establish that the EEOC has failed or refused to issue her a right-to-sue letter. The EEOC is required to provide a complainant with a right-to-sue letter upon request once 180 days have lapsed from the date of the charge, if the EEOC has not secured a conciliation agreement or brought a civil action against the respondent. *See* 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.28(a)(1). Hill made her EEOC charge on March 6, 2007. The EEOC has now had over 365 days to resolve Hill's charge or issue her a

right-to-sue letter.[2]  There is no indication that the EEOC has secured a conciliation agreement or brought a civil action against Norcomm.  Hill alleges she has contacted the EEOC on "several occasions" regarding the status of the right-to-sue letter.  Plaintiff's Resp. to Def. Norcomm's Mot. to Dismiss at 5.  Moreover, Norcomm filed its motion to dismiss on October 22, 2007, which was 230 days after Hill's EEOC charge or 50 days past the date when the EEOC should have issued a right-to-sue letter.  Had the EEOC followed the schedule imposed on it by regulation, Hill would have had a right-to-sue letter by the time Norcomm moved to dismiss.  *See generally Worth* v. *Tyler*, 276 F.3d 249 (7th Cir. 2001).  Because the EEOC's failure to issue a right-to-sue letter is beyond Hill's control, it would be inequitable to dismiss her complaint on these grounds.

### C.  Scope of Hill's EEOC Charge

Norcomm argues that Hill's complaint contains "claims of discrimination and harassment" that are not within the scope of her EEOC charge.  Def. Norcomm's Memo. in Support of its Mot. to Dismiss at 11.  "[B]ecause most EEOC charges are completed by laypersons rather than by lawyers, a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint."  *Cheek* v. *Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994).  Instead, courts require that there be "a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge."  *Id.* (internal citation omitted).  At a minimum, the EEOC charge and the complaint must "describe the *same conduct* and implicate the *same*

---

[2]  It is worth noting that the EEOC evidently took 312 days to issue a right-to-sue letter for Hill's original complaint against Franklin Park.  *See* Complaint Exs. A, B.

9

*individuals.*" *Id.* at 501. The EEOC charge must also involve some factual specificity. For example, it is insufficient for a plaintiff to base a racial harassment claim on a statement in an EEOC charge that "'I believe I have been discriminated against because of my race, Black,'" because more detail is necessary for the EEOC to be able to perform its statutory duty. *Rush* v. *McDonald's Corp.*, 966 F.2d 1104, 1111-12 (7th Cir. 1992).

Count I of Hill's complaint includes a claim of sexual harassment against Franklin Park and Norcomm.[3] Count II also contains mention of such harassment. The harassment allegations against Norcomm in Hill's EEOC charge, however, are similar to those in the example quoted above from *Rush.* Hill's EEOC charge only alleges that she "was subjected to different terms and conditions of employment than a[] male employee by my male supervisor." Complaint, Ex. D. While Hill's charge is slightly more detailed than *Rush*'s, in that it mentions the "conditions" of her employment, it is still insufficient to point the EEOC to a sexual harassment investigation. *See Cheek*, 31 F.3d at 503-04 (sexual harassment charge could not be inferred from charge of sex discrimination). Moreover, Hill admits that she did not intend to allege sexual harassment or hostile work environment against Norcomm. Pl.'s Resp. to Def. Norcomm's Mot. to Dismiss at 7. Because the harassment claim does not appear in Hill's EEOC charge, and because Hill admits she did not intend to bring the claim in the first place, Hill's claim of sexual harassment and hostile work environment against Norcomm is dismissed with prejudice.

Count I also includes a claim of sex discrimination against Franklin Park and Norcomm. Norcomm argues that this claim was also not included in the EEOC charge and must be

---

[3] In its motion to dismiss, Norcomm has moved for dismissal only of Hill's claims against Norcomm, and not those against its co-defendant Franklin Park, which has not filed a motion to dismiss in this case. The court's analysis here is therefore strictly limited to Hill's claims against Norcomm, and does not address the validity of her claims against Franklin Park.

dismissed. Def. Norcomm's Memo. in Support of its Mot. to Dismiss at 11. Hill's EEOC charge specifically mentions that she was subjected to different terms and conditions of employment from male employees. This is the very definition of employment discrimination, *see* 42 U.S.C. § 2000e-2(a); *Washington* v. *Illinois Dept. of Revenue*, 420 F.3d 658 (7th Cir. 2005), and sufficient to put Norcomm on notice of a discrimination charge. Hill also checked the "discrimination based on . . . sex" box on the charge form. Hill's EEOC charge discusses her termination, and her complaint presents her termination and interference with her attempts to reschedule shifts as discriminatory acts. *See* Complaint at ¶ 67-70. These two acts are reasonably related: Hill alleges that she was terminated, in part, because she was not allowed to reschedule her shifts. Being prevented from rescheduling shifts also falls within Hill's broad charge of "different terms and conditions of employment." An EEOC investigation into Hill's termination would necessarily consider the reason for her termination. This is not a situation in which the plaintiff alleges the defendant discriminated in different ways in the EEOC charge and the complaint; rather, the conduct and individuals implicated are the same. *Cf. Cheek*, 31 F.3d at 500. Because Hill's discrimination claim in Count I of her complaint is reasonably related to her EEOC charge, Norcomm's motion to dismiss this claim is denied.

Norcomm also argues that Count II, Hill's Title VII retaliation claim, is not reasonably related to Hill's EEOC charge. Hill checked the EEOC "discrimination based on . . . retaliation" box on her EEOC charge form. Hill also specified that "[o]n or about June 30, 2006 [she] filed an EEOC charge against [her] other employer who also contracts Respondent's services. On or about July 18, 2006 [she] was informed verbally that based on Respondent's Manager's decision, [she] could be terminated." Complaint, Ex. D. This charge is plainly related to Count II of

11

Hill's complaint, which alleges retaliation in the form of unlawful termination. Count II is somewhat convoluted, as it makes claims against both the Village of Franklin Park and Norcomm, as well as individual defendants. Hill's use of the label "Defendants," instead of party names, blends the acts allegedly undertaken by both Norcomm and Franklin Park. This is, however, no reason to dismiss the entire claim. Claims such as Hill's being "denied specialty units . . . subjected to surveillance and increased scrutiny . . . [and] reassigned from the Investigative Division to the Patrol Division for the summer of 2006," Complaint at ¶ 115, are supported by factual allegations that Hill makes against Franklin Park earlier in the complaint. Hill presumably does not direct these allegations against Norcomm. *See Jackson* v. *E.J. Brach Corp.*, 176 F.3d 971, 977-78 (7th Cir. 1999) (requiring that all reasonable inferences be drawn in plaintiff's favor on a motion to dismiss). Because Hill's allegation of unlawful termination is sufficient to state a claim for retaliation under Title VII and is reasonably related to her EEOC charge of retaliation, Norcomm's motion to dismiss Count II must be denied.

In summary, Norcomm's motion to dismiss Counts I and II is granted as to Hill's claims of harassment against Norcomm, but denied as to Hill's claims of discrimination and retaliation under Title VII.

**II. Count V**

Norcomm argues that Count V of Hill's complaint, alleging retaliatory discharge in violation of Illinois law, is preempted by the Illinois Human Rights Act. The IHRA provides the exclusive means for the redress of civil rights violations under Illinois law. 775 Ill. Comp. Stat. Ann. 5/8-111(D) ("Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this

Act."); *Mein* v. *Masonite Corp.*, 485 N.E.2d 312, 315, 109 Ill. 2d 1 (1985). In effect, the IHRA preempts common law tort claims "unless the plaintiff can establish the necessary elements of the tort without reference to any legal duties created by the Human Rights Act." *Blount* v. *Stroud*, 877 N.E.2d 49, 57, 376 Ill. App. 3d 935 (Ill. App. Ct. 1st Dist. 2007). The IHRA preemption applies to state law claims brought in federal court via supplemental jurisdiction. *See Bannon* v. *Univ. of Chicago*, 503 F.3d 623, 630 (7th Cir. 2007).

Retaliation against an employee who has opposed what she believes to be unlawful discrimination, or who has filed a charge or complaint under the IHRA, is explicitly prohibited by the IHRA. *See* 775 Ill. Comp. Stat. Ann. 5/6-101(A). Hill argues that because discharge for opposing unlawful employment practices is offensive to Illinois public policy, she can establish the necessary elements of a retaliatory discharge tort without relying on the IHRA. While such a discharge may violate Illinois public policy, such policy would be encompassed by the policies underlying the IHRA and, thus, Hill must still rely on the IHRA. *See Smith* v. *Chicago Park Dist.*, No. 98 C 1691, 1999 WL 33883, at *3 (N.D. Ill. Jan. 11, 1999). Both state and federal courts dismiss, for lack of jurisdiction, Illinois common law claims of retaliatory discharge for opposition to an allegedly unlawful employment practice. *See, e.g., Flaherty* v. *Gas Research Institute*, 31 F.3d 451, 459 (7th Cir. 1994); *Jones* v. *Sabis Ed. Sys., Inc.*, No. 98 C 4252, 1999 WL 1206955 (N.D. Ill. Dec. 13, 1999); *Smith*, 1999 WL 33883; *Corluka* v. *Bridgford Foods of Ill., Inc.*, 671 N.E.2d 814, 284 Ill. App. 3d 190 (Ill. App. Ct. 1st Dist. 1996).

Because Hill's state law claim of retaliatory discharge is preempted by the IHRA, 775 Ill. Comp. Stat. Ann. 5/8-111(D) deprives this court of jurisdiction over that claim. Count V of Hill's complaint is therefore dismissed with prejudice.

13

**CONCLUSION AND ORDER**

For the reasons stated above, Norcomm's motion to dismiss [#32] is granted in part and denied in part. Norcomm's motion to dismiss Counts I and II in their entirety is denied, but Norcomm's motion to dismiss Hill's harassment claims, which were raised (among other claims) in Counts I and II of Hill's complaint, is granted. Hill's claims of sexual harassment by Norcomm are dismissed with prejudice. Count V, Hill's common law retaliatory discharge claim, is dismissed with prejudice.


Dated: March 11, 2008          Enter:_____
                                      JOAN HUMPHREY LEFKOW
                                      United States District Judge