# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| LARA HILL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 07 CV 4335** |
| | ) | **Judge Joan H. Lefkow** |
| VILLAGE OF FRANKLIN PARK, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM DECISION AND ORDER

Lara Hill brings this action alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964, among other allegations. Hill's complaint contains five counts, but only Count I is relevant here. Count I alleges that the Village of Franklin Park ("Franklin Park") and Norcomm Public Safety Communications, Inc. ("Norcomm") discriminated against and harassed Hill on the basis of her sex in violation of Title VII.

Before the court is Franklin Park's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, in which Franklin Park seeks dismissal of Hill's sexual harassment claim against it in Count I.[1] For the following reasons, Franklin Park's motion [#103] will be granted.

## BACKGROUND

Hill's employment with Franklin Park began in 1994 at its police department. She worked there as a patrol officer, a School Liaison Officer ("SLO"), a field training officer, an

---

[1] Franklin Park's motion also requests, more generally, the dismissal of "any other claim for damages under a sexual harassment and hostile work environment theory." Def.'s Mot. at 1. Although Count II, which asserts a claim for retaliation, contains mention of such harassment, it is mentioned only as a form of retaliation, not as a separate claim for sexual harassment. The court therefore need not consider defendant's present motion with respect to Count II.

evidence technician, and a member of the Tactical Unit. Hill's employment at Norcomm, which

operates the 911 call center for Franklin Park, began in 2001. She worked there as a part-time

dispatcher.

On June 30, 2006, Hill filed with the Equal Employment Opportunity Commission

("EEOC") a charge of sex discrimination, No. 440-2006-07366,[2] against Franklin Park. On the

form, Hill marked the box indicating that she was alleging discrimination based on sex. She also

stated on the form that the discrimination began on May 19, 2006 and that it was ongoing as of

the date she filed the charge. In full, Hill's charge states as follows:

> I began my employment with Respondent in October 1994, and my current
> position is Law Enforcement Officer. On or about May 19, 2006, Respondent
> made an exception to the normal practice of not allowing officers to work an
> overtime detail which starts before the end of their regular shift for a male co-
> worker but refused to make this same exception for me. On June 19, 2006,
> Respondent informed me that I would no longer receive specialty pay for my
> position and denied it to me retroactively from May 2004 to May 2005. On June
> 24, 2006 and again on or about June 26, 2006, instead of calling me, Respondent
> called in a less senior officer to work overtime to assist in an investigation. On
> June 28, 2006, Respondent informed me that I would be re-assigned from
> Investigations to Patrol, effective July 9, 2006.
>
> I believe that I have been discriminated against based on my sex, female, in
> violation of Title VII of the Civil Rights Act of 1964, as amended.

Pl.'s Compl., Ex. A.

Hill alleges that after she filed this charge, Franklin Park committed numerous acts of sex

discrimination against her,[3] and that Norcomm also began committing discriminatory acts. On

March 6, 2007, Hill filed two additional charges with the EEOC: (1) No. 440-2007-03534, a

---

[2] Although Hill does not say so explicitly, it appears that Hill intended to base Count I on charge No.
440-2006-07366, as the central allegation in both that charge and Count I is sex discrimination.
[3] For example, Hill alleges that in September 2006, Wolfe required Hill to provide detailed explanations
of her travel time to the school from the department. Hill also alleges that around the same time,
defendants made her travel in an unmarked car rather than a squad car, which, she further alleges,
constituted an "officer safety issue." Pl.'s Compl. ¶ 80.

charge of discrimination and retaliation against Norcomm Public Safety Communication, Inc.,

and (2) No. 440-2007-03535, a charge of retaliation against Franklin Park.

On December 11, 2007, Hill filed an amendment to her initial charge against Franklin

Park, No. 440-2006-07366. In her amended charge, she states as follows:

> 1. Within the last 300 days and on a continuing and ongoing basis, Respondent
> has engaged [in] systemic and ongoing discrimination against me on account of my sex
> (female). Respondent has also retaliated against me for complaining about the unlawful
> conduct.
> 2. I was hired by Respondent on or about October 3, 1994 as a patrol officer.
> 3. On a continuing and ongoing basis Respondent discriminated against me based
> on my gender and retaliated against me in the terms and conditions of my employment.
> 4. I complained to Respondent's management about the discriminatory conduct.
> Respondent did nothing to stop it. In fact, male supervisors participated in the
> discriminatory conduct and retaliation.
> 5. I filed a charge of sex discrimination with the [EEOC] against Respondent on
> June 30, 2006, and a charge of retaliation on March 6, 2007. I also filed a complaint in
> Federal Court on August 2, 2007 (Case No. 07-CV-4335).
> 6. Since the filing of my EEOC Charges and my Federal lawsuit, I have been
> subjected to ongoing and continuing acts of retaliation, including but not limited to
> receiving a one (1) day suspension and other unwarranted disciplinary actions.
> 7. The respondent has violated Title VII [by] engaging in gender discrimination
> and retaliating against those who report the conduct, including myself.

Pl.'s Resp., Ex. 2 (Dkt. No. 109-3), at 2. Hill has not yet indicated to the court that she has

received a right-to-sue letter regarding her amended charge.

On August 2, 2007, Hill filed her complaint, alleging that she was subjected to sex

discrimination and sexual harassment at the Franklin Park police department on numerous

occasions. Hill alleges that between May 19, 2006 and June 30, 2006, several incidents of

discrimination occurred at the Franklin Park police department. First, on or about May 18, 2006,

Sergeant Cascio and defendant Witz, two superior officers, did not allow Hill to work an

overtime shift because she could not start at the appointed time but told a male co-worker that he

could work the overtime shift even though he also could not start at the appointed time. Second,

on or about June 20, 2006, defendant Wolfe, a superior officer, rescinded Hill's stipend pay.

3

Third, on June 24, 2006, defendants (not specifically named) bypassed Hill for overtime and instead chose another officer who was not an investigator and who had less seniority. Fourth, on or about June 28, 2006, defendants (again, not specifically named) reassigned Hill to an afternoon shift in the Patrol Division, which meant she would no longer receive a certain stipend associated with her prior position as Investigator, and Wolfe threatened Hill that she might have to pay back previously-earned stipends.

Additionally, some of the incidents of sexual harassment that Hill alleges in her complaint occurred on unspecified dates. For example, Hill alleges that on an unspecified date, several unnamed co-workers refused to turn off a pornographic video in her presence and the then-Chief of police failed to reprimand her co-workers for their conduct.

**STANDARD**

After a complaint and answer have been filed, a party can move under Rule 12(c) for a judgment on the pleadings, which the court reviews under the same standard as it does for motions to dismiss. *Pisciotta* v. *Old. Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). That standard, recently modified by the Supreme Court in *Bell Atlantic Corp.* v. *Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1964–69, 167 L. Ed. 2d 929 (2007) and clarified in *Erickson* v. *Pardus*, --- U.S. ---, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007), now requires a complaint to provide notice of the claim and the grounds on which it rests and also to contain sufficient allegations, based on more than speculation, to state a claim for relief that is plausible on its face. *St. John's United Church of Christ* v. *City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (citing *Bell Atlantic*, 127 S. Ct. at 1974); *EEOC* v. *Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic*, 127 S. Ct. at 1964–65). The court must still accept as true the factual

allegations contained in the complaint and draw all reasonable inferences in favor of the

plaintiff. *St. John's*, 502 F.3d at 625.

As the title of the rule suggests, a court may rule on a Rule 12(c) motion for judgment on

the pleadings based on a review of the pleadings alone. *N. Ind. Gun & Outdoor Shows, Inc.* v.

*City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The pleadings include the complaint, the

answer, and any written instruments attached as exhibits, such as affidavits, letters, contracts,

and loan documentation. *Id.* at 452–53. In ruling on a motion for judgment on the pleadings,

"the district court may take into consideration documents incorporated by reference to the

pleadings" and "may also take judicial notice of matters of public record." *United States* v.

*Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991). If the court considers matters outside of the

pleadings, the court should convert the motion for judgment on the pleadings into a motion for

summary judgment. *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 453 n.5.

## ANALYSIS

Franklin Park argues that Hill's sexual harassment claim in Count I is not within the

scope of EEOC charge No. 440-2006-07366. Generally, a Title VII plaintiff cannot plead claims

that were not included in her EEOC charge. *Cheek* v. *W. & S. Life Ins. Co.*, 31 F.3d 497, 500

(7th Cir. 1994) (citing *Alexander* v. *Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S. Ct. 1011, 39 L.

Ed. 2d 147 (1974)). This charge requirement "serves the dual purpose of affording the EEOC

and the employer an opportunity to settle the dispute through conference, conciliation, and

persuasion . . . and of giving the employer some warning of the conduct about which the

employee is aggrieved." *Id.* at 500 (citations omitted). Allowing a complaint to encompass

allegations outside the scope of the predicate EEOC charge would frustrate the EEOC's

investigatory and conciliatory role and deprive the charged party of notice of the charge. *Id.*

Nonetheless, because EEOC charges are generally completed by laypersons rather than lawyers, "a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in his complaint." *Id.* A plaintiff may pursue a claim not explicitly included in her EEOC charge if her allegations fall within the scope of the allegations contained in her EEOC charge. *Cheek* v. *Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir. 1996). To determine whether the allegations in the complaint fall within the scope of the earlier EEOC charge, the court considers whether they are "like or reasonably related to" those contained in the EEOC charge. *Id.* If they are, the court then considers whether the current allegations reasonably could have been developed from the EEOC's investigation of the charges before it. *Id.*

Franklin Park argues that Hill's claim of sexual harassment in Count I should be dismissed because Hill failed to allege any incidents of sexual harassment in EEOC charge No. 440-2006-07366 and, therefore, cannot raise such allegation in her complaint. The Seventh Circuit has stated that, "[o]rdinarily, a claim of sexual harassment cannot be reasonably inferred from allegations in an EEOC charge of sexual discrimination." *Cheek* v. *W. & S. Life Ins.*, 31 F.3d at 503. The EEOC defines sexual harassment as follows:

> Unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitute sexual harassment when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment.

29 C.F.R. § 1604.11(a); *see also Cheek* v. *W. & S. Life Ins.*, 31 F.3d at 504. Franklin Park contends that Hill's EEOC charge is devoid of any allegations pertaining to conduct "of a sexual nature."

As Hill correctly points out in her response, however, sexual harassment in violation of Title VII does not need to be "verbal or physical conduct of a sexual nature" but, rather, can be harassment based on hostility to the presence of women in the workplace. The Supreme Court has explained that

> harassing conduct need not be motivated by sexual desire to support an inference of discrimination on the basis of sex. A trier of fact might reasonably find such discrimination, for example, if a female victim is harassed in such sex-specific and derogatory terms by another woman as to make it clear that the harasser is motivated by general hostility to the presence of women in the workplace.

*Oncale* v. *Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80, 118 S. Ct. 998, 140 L. Ed. 2d 201 (1998); *see also Boumehdi* v. *Plastag Holdings, LLC*, 489 F.3d 781, 799 (7th Cir. 2007) ("Although sexual harassment is usually thought of in terms of sexual demands, it can include employer action based on [sex] but having nothing to do with sexuality.").

Franklin Park further argues that the allegations in Hill's complaint are not like or reasonably related to her EEOC charge. Rather, Franklin Park contends, "Plaintiff's EEOC charge alleges only that she was 'discriminated against based on [her] sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended." Def.'s Mot. at 5 (quoting Pl.'s Compl., Ex. A). In fact, Hill's EEOC charge includes additional allegations of greater specificity. It states, for example, that "[o]n June 19, 2006, Respondent informed me that I would no longer receive specialty pay for my position and denied it to me retroactively from May 2004 to May 2005" and "[o]n June 24, 2006 and again on or about June 26, 2006, instead of calling me, Respondent called in a less senior officer to work overtime to assist in an investigation." Pl.'s Compl., Ex. A.

Nevertheless, it is clear that Hill's claim of sexual harassment is not within the scope of charge No. 440-2006-07366, whether considered in its original form or as amended.[4]  In *Torriero* v. *Olin Corp.*, 684 F. Supp. 1165 (S.D.N.Y. 1988), the court was faced with a similar situation where the plaintiff contended that certain instances of sex discrimination asserted in her EEOC charge[5] also constituted sexual harassment or were like and reasonably related to acts of sexual harassment. *Id.* at 1170.  The court concluded that "[g]iven the nature of her charge before the EEOC—focusing on allegations of sexual discrimination in promotion, transfer and termination—the alleged sexual harassment [raised in plaintiff's complaint but not her EEOC charge] would not likely have been revealed absent a specific complaint by plaintiff.  Having failed to raise such charge before the EEOC, plaintiff may not now raise her claim of sexual harassment." *Id.*

When faced with facts similar to those in this case, the Seventh Circuit has likewise affirmed a district court's finding that the plaintiff's claim for sexual harassment was not within the scope of her EEOC charge.  In *Cheek* v. *Western & Southern Life Insurance Co.*, 31 F.3d 497, for example, the court considered an EEOC charge alleging that the plaintiff's manager had "constantly intimidated" plaintiff and required her to pay the insurance premiums of her clients, but that her male co-workers were not subjected to such conditions. *Id.* at 499.  Relying on *Torriero* and other similar precedents, the Seventh Circuit concluded that the sexual harassment claim the plaintiff made in her complaint was not within the scope of her EEOC charge. *Cheek* v. *W. & S. Life*, 31 F.3d at 504.

---

[4]  In any event, the Seventh Circuit has noted that an amendment to an EEOC charge can only "clarify or amplify" allegations in the original charge. *Cheek* v. *W. & S. Life Ins.*, 31 F.3d at 505.
[5]  In her EEOC charge, plaintiff Torriero alleged that "because of her sex, plaintiff's telephone calls and times of arrival to work were monitored . . . , that she was denied a transfer or promotion, and that she was finally placed on probation and terminated." *Id.* at 1170.

Like the EEOC charges at issue in *Western & Southern* and *Torriero*, Hill's EEOC charge alleges what appear to be instances only of sex discrimination rather than sexual harassment: (1) allowing a male co-worker, but not Hill, to skirt a rule; (2) terminating her "specialty pay"; (3) giving overtime to a male co-worker with less seniority, and (4) reassigning her to a lesser position.[6]

In response to Franklin Park's 12(c) motion, Hill makes several arguments—all of which are ultimately unpersuasive—as to why her sexual harassment claim is within the scope of EEOC charge No. 440-2006-07366. First, Hill argues that "[t]he allegations in Plaintiff's complaint are clearly allegations that Plaintiff was discriminated against regarding the terms and conditions of her employment, which are consistent with her EEOC charges." Pl.'s Resp. at 7. Even if this contention is accepted as true, it is immaterial, because

> to allow litigants to expand an EEOC charge to include virtually any type of discrimination simply by including the phrase "terms and conditions of employment" would frustrate Title VII's policy that plaintiffs should not have unrestrained ability to litigate allegations of discrimination that are neither contained in the EEOC charge nor investigated by the EEOC.

*Baltzer* v. *City of Sun Prairie/Police Dep't*, 725 F. Supp. 1008, 1019 (W.D. Wis. 1989) (quoting *Pritchett* v. *Gen. Motors Corp.*, 650 F. Supp. 758, 762 (D. Md. 1986)).

Furthermore, because Hill has failed to show that her claim of sexual harassment is like or reasonably related to the facts she enumerated in her EEOC charge, it is unnecessary to inquire into whether an EEOC investigation into Hill's charges would have discovered the grounds for that claim. *See Cheek* v. *W. & S. Life*, 31 F.3d 497, 500 (finding that the "second part of the test" need not be applied "because [plaintiff] fails to satisfy the first part of the test").

---

[6] It is also worth noting that Hill's EEOC charge fails to make any reference to the general work environment at the Franklin Park police department and does not include facts suggesting harassment of women other than Hill. *See Nicol* v. *Imagematrix, Inc.*, 767 F. Supp. 744, 753 (E.D. Va. 1991) (finding that a claim of sexual harassment was not within scope of an EEOC charge that did not allege either any harassment in the general work environment or harassment of other women).

Nevertheless, even if the court did conduct such an inquiry, Hill would not satisfy the second

part of the test for the following reasons.

Hill relies on *Geist* v. *Glenkirk*, No. 01 C 0700, 2001 WL 1268574 (N.D. Ill. Oct. 23,

2001), to argue that an EEOC investigation of her charge would have discovered evidence of the

sexual harassment she alleges in her complaint. In *Geist*, the plaintiff alleged in her EEOC

charge that a male co-worker had "physically intimidated" her as well as other co-workers. *Id.*

at *5. The court held that such allegations were reasonably related to those in her complaint,

which "allege[d] a hostile work environment based on gender discrimination and specifically

allege[d] that the same co-worker physically intimidated her." *Id.* The allegations in Hill's

EEOC charge, by contrast, concern sex discrimination only and provide no indication that she

was subjected to physical intimidation, a hostile work environment, or any other sexual

harassment.

Hill also cites *Juszczak* v. *Blommer Chocolate Co.*, No. 97 C 9000, 1999 WL 1011954

(N.D. Ill. Sept. 30, 1999), where the court found that the plaintiff Juszczak's hostile environment

claim was reasonably related to the disparate treatment and retaliation allegations in his EEOC

charge because "Juszczak explicitly claims that the reason Blommer gives for firing him is

pretextual" and "[g]athering evidence of pretext in this case would have likely led investigators

to the various incidents of harassment Juszczak claims he endured over the years." *Id.* at *8.

In Hill's case, unlike *Juszczak*, there is nothing like an allegation of pretext that would

lead to a deeper or expanded inquiry. The EEOC would have focused on the instances of sex

discrimination described in Hill's EEOC charge and likely would not have discovered the

separate instances of harassment that she later alleged in her complaint.

Finally, Hill argues that Franklin Park actually interpreted her EEOC charge as asserting

sexual harassment and that the fact that Franklin Park did so is sufficient to conclude that her

claim of sexual harassment is within the scope of the charge.  As Hill points out, one of the

purposes of an EEOC charge is to put defendants on notice of the allegations against them.

*Cheek* v. *W. & S. Life Ins.*, 31 F.3d at 500.  Hill suggests that as long as this purpose is satisfied

with regard to her sexual harassment claim, that claim is within the scope of the charge.  Hill

contends that Franklin Park demonstrated that it was "on notice" regarding her sexual

harassment claims when it submitted a position statement to the EEOC stating,

> The Department has a General Order regarding sexual and other unlawful
> harassment.  That Order requires any employee to notify the Department of any
> incident that he/she believes constitutes unlawful harassment.  The purpose of the
> Order is to promptly communicate such information to the Department and allow
> the Department an opportunity to investigate and address any such harassment.

Pl.'s Resp. at 9.

In reply, Franklin Park argues that the position statement does not show that it was on

notice regarding Hill's sexual harassment claim.  Indeed, as Franklin Park points out, the

position statement quoted by Hill was not a response to the EEOC charge in question, No. 440-

2006-07366.  Rather, as the subject caption of the position statement makes clear, it was

prepared in response to Hill's later EEOC charge against Franklin Park alleging retaliation, No.

440-2007-03535.  Pl.'s Resp., Ex. C, at 4.  The passage Hill cites thus has little bearing on

whether a claim of sexual harassment is within the scope of charge No. 440-2006-07366.

Furthermore, none of Franklin Park's position statements in response to charge No. 440-2006-

07366 evince an awareness of any sexual harassment charge.  *See* Def.'s Reply, Exs. C, D.


**CONCLUSION AND ORDER**

For the reasons discussed above, Franklin Park's motion for judgment on the pleadings

[#103] is granted.  To the extent that Count I of Hill's complaint asserts claims for sexual

harassment or hostile work environment, such claims are dismissed with prejudice. Any other claims asserted in Count I are not affected by this order.

Dated: September 5, 2008            Enter:_____
                                          JOAN HUMPHREY LEFKOW
                                          United States District Judge